UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TONI SHINN,

        PLAINTIFF,

        v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

        DEFENDANT.

CIVIL ACTION

No. 05-433

MEMORANDUM/ORDER

January 7 , 2007

    Now before the court is plaintiff Toni Shinn's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Plaintiff filed the underlying action in February 2005, seeking review of the Commissioner of Social Security's denial of her claim for disability insurance benefits and supplemental Social Security income.  In May and June of 2005, the parties filed cross-motions for summary judgment.  Plaintiff, in her motion, argued that the ALJ had improperly rejected an evaluation of her physical limitations prepared by a consulting physician (Dr. Michael Cohen); improperly disregarded plaintiff's moderate difficulty in maintaining a steady

1

pace of work when formulating a hypothetical for the vocational expert that testified at plaintiff's administrative hearing; and improperly failed to consider how plaintiff's functional capacity might be affected by her obesity, mental health condition, and hand and arm impairments—as well as by the pain and fatigue associated with plaintiff's multiple sclerosis.

On September 29, 2005, Magistrate Judge Peter B. Scuderi issued a Report and Recommendation (R&R) recommending that (1) the Commissioner's motion for summary judgment be denied, (2) the plaintiff's motion for summary judgment be granted in part,[1] and (3) the case be remanded to the Commissioner for further proceedings. On February 23, 2006, this court issued an order adopting Magistrate Judge Scuderi's R&R. Plaintiff now asks the court to order that the Commissioner pay $4286.32, consisting of $4261.32 in attorney's fees and $25 in costs. Pl. Mot. at ¶¶ 10-11. The Commissioner opposes the motion. For the reasons that follow, the Commissioner will be ordered to pay to plaintiff the aggregate sum of $3528.70 in attorney's fees and costs.

## I. Propriety of Awarding Costs and Fees

Under subsection 2412(a)(1) of the Equal Access to Justice Act (EAJA), a court may award costs "to the prevailing party in any civil action" brought against "any agency

---

[1] Magistrate Judge Scuderi found that the ALJ was not required to consider plaintiff's obesity because plaintiff had not offered any evidence that her obesity might limit her functioning.

or any official of the United States acting in his or her official capacity . . . ." Under EAJA § 2412(d)(1)(A), a court must award attorney's fees to the prevailing party in a "proceeding[] for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." In Garcia v. Schweiker, 829 F.2d 396, 399 (3d Cir. 1987), the Third Circuit noted that, in order to demonstrate that its "position . . . was substantially justified," the government must "show 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory it propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." Id.; see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (approving of "the 'reasonable basis both in law and fact' formulation").

Plaintiff's status as a prevailing party is not in dispute. Nor does the Commissioner allege the existence of special circumstances that would make a fee award unjust. Therefore, the only legal question before the court is whether the Commissioner has proved that her position in this case was substantially justified.

The Commissioner contends that her position was substantially justified because the decision to deny plaintiff's application for Social Security benefits had a reasonable basis in fact and law. For example, the Commissioner claims that the ALJ actually did consider plaintiff's mental health condition, pace limitations, and right arm and shoulder pain. Def. Resp. 7-9. The Commissioner also asserts that the ALJ was justified in

3

rejecting Dr. Cohen's functional assessment because plaintiff's case presented a situation of conflicting medical evidence and, in such cases, "it is the duty of the trier of fact, the ALJ, to resolve the conflict." Id. at 5 (citing Richardson v. Perales, 402 U.S. 389, 399 (1971).

Magistrate Judge Scuderi, whose carefully crafted R&R this court adopted, evaluated and rejected the government's claims—including the argument that plaintiff's case presented a situation of conflicting medical evidence—when considering the parties' cross-motions for summary judgment. See R&R 13-19; Docket #14 (order adopting R&R). Notwithstanding the findings of the Magistrate Judge, the government argues that "[p]laintiff's 'prevailing party' status rests on a factual determination due to the beneficent purposes of the [Social Security] Act. The Commissioner's position was legally supported and substantially justified in all other respects." Def. Resp. 10.

As the Third Circuit has made clear, the government cannot carry its burden of proof on the issue of substantial justification merely by establishing an absence of legal error. In Garcia, the Third Circuit determined that the position of the United States was not substantially justified based in part on the observation that the agency had "failed to consider probative medical evidence, [and had] rejected several of [the plaintiff's] allegations in a conclusory manner or failed to consider them altogether." 829 F.2d at 400; see also id. at 399 (stating that, "in order to prevail" against an EAJA motion, the

government must show "a reasonable basis in truth for the facts alleged").  Judge Scuderi, in findings approved by this court, ruled that the ALJ had improperly failed to consider Dr. Cohen's functional assessment, and had either rejected or failed to consider the consequences of certain impairments reported by plaintiff.  See R&R 16 (noting that because "the A.L.J. did not specifically address Plaintiff's right arm and shoulder pain or her compromised range of motion and grip . . . it is impossible to determine whether the A.L.J. chose to discredit this evidence or simply ignore it"); id. at 17 (making the same observation with respect to plaintiff's mental impairment); Docket #14 (order adopting R&R).  Thus, following Garcia, we find that the position of the Commissioner was not substantially justified and, accordingly, will grant plaintiff's motion for attorney's fees and costs.

## II. Requested Fees

Plaintiff requests $4261.32 for approximately 27.1 hours of work done by Eric J. Fischer, Esq., a solo practitioner. Pl. Mot. ¶ 10.  In Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990), the Third Circuit summarized the general legal principles governing attorney's fee determinations as follows:

> The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. . . . In a statutory fee case, the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee. Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989). . . . Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections. Bell, 884

F.2d at 721.

**(1) Requested Rate**

EAJA § 2412(2)(d)(A)(ii) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Adjusting the EAJA-allowed rate by the consumer price index for the Philadelphia area, plaintiff requests an hourly rate of $156.86 for work done by her attorney in 2005, and $161.26 for work done in 2006. We find these rates reasonable under the EAJA and will therefore approve a rate of $156.86 per hour for work done in 2005 and $161.26 per hour for work done in 2006.

**(2) Requested Hours**

Plaintiff requests $4261.32 for approximately 27.1 hours of work done by her attorney. Fischer Decl. ¶ 10. The Commissioner objects to some of the time entries on which plaintiff bases this request. The Commissioner's specific objections are discussed below.

**(a) Preparations Prior to Filing Complaint**

The billing summary submitted by plaintiff's attorney includes 2.5 hours spent prior to filing the complaint: one hour reviewing plaintiff's file, thirty minutes preparing for a meeting with plaintiff, and one hour meeting with plaintiff. The Commissioner argues that it was "excessive and redundant" for plaintiff's counsel to spend this time

because—having represented plaintiff during her agency proceeding—he should already have been familiar with the facts of plaintiff's case. Def. Resp. 13-14. Accordingly, the Commissioner argues that the court should allow only "sixty minutes of pre-complaint time from January 2, 2005 until . . . January 10, 2005." Id. at 14.

We find that it was not unreasonable for plaintiff's attorney (a) to meet with his client for an hour before filing a complaint in federal court, or (b) to spend approximately 1.5 hours preparing for this meeting. Accordingly, the court will approve 2.5 hours for the time that plaintiff's attorney spent preparing to file plaintiff's complaint.

**(b) Work done on March 15, 2005**

The billing summary submitted by plaintiff's attorney includes thirty minutes spent reviewing the Commissioner's answer and plaintiff's evidentiary file on March 15, 2005. The Commissioner asserts that, because her answer was a "standard two paragraph response followed by affirmative defenses," and "counsel took eight minutes to prepare [plaintiff's] standard two paragraph complaint, awarding eight minutes . . . is reasonable." Def. Resp. 14-15.

We find that plaintiff has not satisfactorily carried her burden of proving the reasonableness of the March 15 time entry. In particular, we note that plaintiff's reply brief, though submitted after the Commissioner had raised this objection, provides no explanation as to why attorney Fischer needed to consult plaintiff's file in conjunction with his review of the Commissioner's form answer. Accordingly, the court will allow

plaintiff's counsel eight minutes, rather than thirty, for the work done on March 15.

**(c) Preparation of District Court Filings**

The billing summary submitted by plaintiff's attorney also includes 16.7 hours spent researching and writing plaintiff's motion for summary judgment,[2] and 5.5 hours spent researching and writing a reply brief relating to the parties' cross-motions for summary judgment.[3]  The Commissioner argues that both requests are unreasonable and excessive because "the issues addressed in Plaintiff's Motion for Summary Judgment are common in the social security context," Def. Resp. 15, and plaintiff's counsel is "an experienced social security attorney who has addressed the same or similar issues in many other cases," id. at 17.  The Commissioner asserts, instead, that "4.5 hours for the Reply Brief is reasonable." Id.  The Commissioner does not suggest what would be a reasonable allowance for the time spent on plaintiff's motion for summary judgment.

We find that the reply brief submitted by plaintiff's counsel closely engages with the arguments made in Commissioner's motion for summary judgment.  Accordingly, the court will allow plaintiff's counsel the 5.5 hours he has requested for this task.

---

[2] See Fischer Decl. 4 (on 4/20/05, 150 minutes for "Initial writing of Statement of the Facts"; on 4/22/ 05, 120 minutes for "Continued writing . . . of Statement of the Facts"; on 4/23/05, 12 minutes for "Preparation of the Statement of the Proceedings").

[3] Id. (on 6/20/05, 30 minutes for "Review[] of defendant's responsive motion and brief"; on 6/24/ 05, 60 minutes for "Review of [plaintiff's] prior brief . . . in preparation for plaintiff's reply"; on 6/24/05, 90 minutes for "Legal research in connection with plaintiff's reply brief"; on 6/24/05, 180 minutes for "Writing . . . of plaintiff's reply brief").

The court will not, however, allow plaintiff all of the time he has requested for researching and writing plaintiff's motion for summary judgment. In <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1993), the Supreme Court stated that, when "determining the amount of a reasonable fee," the district court "should exclude . . . hours that were not 'reasonably expended.'" Plaintiff's counsel has substantial experience in the area of Social Security litigation. Fischer Decl. ¶ 2 (stating that Fischer maintains a "Social Security caseload of between 150 and 300 cases"); <u>id.</u> at ¶ (stating that Fischer has "during the past thirty plus years . . . represented thousands of individual clients" in their claims for Social Security benefits).[4] Because we expect this experience to result in some additional efficiency, we find that the 12 hours that plaintiff's attorney spent drafting twenty pages of "legal arguments" for the motion for summary judgment—a substantial portion of which consists of block quotes from Third Circuit cases and the administrative record—were not "reasonably expended."[5] Accordingly, the court will reduce the amount of time associated with this task by one-third, to eight hours.

---

[4] <u>See also</u> <u>Highsmith</u>, 2006 WL 1582337 at *6 (DuBois, J.) (observing that attorney Fischer is experienced in the field of Social Security litigation); <u>Cliggett v. Barnhart</u>, 2006 WL 1648965 at *5 (E.D.Pa. 2006) (DuBois, J.) (same).

[5] Here, I refer specifically to the following entries in the billing summary submitted by plaintiff's attorney: on 4/23/05, 180 minutes for "Research for summary judgment arguments"; on 4/27/ 05, 210 minutes for "Initial writing of legal arguments"; on 5/13/05, 240 minutes for "Continued writing of legal arguments"; and on 5/14/05, 90 minutes for "Proofing and rewrites of legal arguments." Fischer Decl. 4.

The court will thus approve a total of 18.2 hours for the time that plaintiff's counsel spent preparing plaintiff's district court filings.  This consists of 8 hours for time spent drafting "legal arguments" for the motion for summary judgment, see supra note 5; 4.7 hours for other tasks relating to preparation of this motion, see supra note 2; and 5.5 hours for time spent drafting the reply brief, see supra note 3.

### III. Fees and Costs to be Allowed

**A. Fees**

Plaintiff has requested a total of $4261.32 in fees, consisting of $4046.99 for approximately 25.8 hours of work done at the 2005 rate of $156.86 per hour, and $209.64 for approximately 1.3 hours of work done at the 2006 rate of $161.26 per hour. For the reasons given above, the court will award plaintiff $3294.06 for approximately 21 hours of work done in 2005.  This includes 2.5 hours for time spent preparing to file plaintiff's complaint, 8 minutes for time spent "prepar[ing] various court forms,"[6] 8 minutes for time spent reviewing the Commissioner's answer, and 18.2 hours for time spent preparing plaintiff's district court filings.  The court will also approve plaintiff's unchallenged request of $209.60 for approximately 1.3 hours of work done in 2006. Thus, the court will award plaintiff total fees of $3503.70, consisting of $3294.06 for

---

[6] See Fischer Decl. 4 (entry of 1/10/05). The Commissioner does not object to this request. Def. Resp. 13.

approximately 21 hours of work done in 2005, and $209.64 for approximately 1.3 hours of work done at the 2006 rate of $161.26 per hour.

**B. Costs**

Plaintiff requests reimbursement for court costs totaling $25.  The requested costs appear appropriate.  Accordingly, I will grant plaintiff's request for costs.

**C. Total Fees and Costs**

The approved attorney's fees amount to $3503.70 and the approved costs to $25.  The total of approved fees and costs is $3528.70 ($3503.70 + $25).

**Conclusion**

And now, upon consideration of plaintiff Toni Shinn's Motion for Award of Attorney's Fees and Costs Pursuant to 28 U.S.C. § 2412, it is hereby ordered that said motion is **GRANTED**.  It is further **ORDERED** that defendant, the Commissioner of Social Security, shall remit to plaintiff payment in the amount of $3528.70, said amount being the sum of $3503.70 in attorney's fees, and $25 in costs.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.